## ALBERT A. DOUB ET AL. *v.* STATE TAX COMMISSION

[No. 60, October Term, 1940.]

*Decided January 3rd, 1941.*

The cause was argued before BOND, C. J. PARKE, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Albert A. Doub* and *Frederick A. Puderbaugh,* with whom was *Daniel F. McMullen* on the brief, for the appellants.

*Walter C. Capper,* for the County Commissioners of Allegany County.

*Norwood B. Orrick, Assistant Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the State Tax Commission.

MITCHELL, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court for Allegany County, in equity, passed on the 5th day of July, 1940, affirming the order of the State Tax Commission of Maryland, which order, upon appeal to said commission, affirmed the action of the County Commissioners of Allegany County in assessing the property of the appellants. Under a stipulation found in the record, Nos. 61 and 62 of the October 1940 Term of this court, were argued together with this appeal, for the reason that they raise substantially the same questions; and therefore what is said in this opinion is also applicable to those cases.

Section 191, article 81, of the Code of Maryland of 1939, among other things provides that any taxpayer claiming to be aggrieved because of an assessment or classification, or refusal to reduce, abate or modify an assessment, or change a classification, by the county commissioners, may appeal to the State Tax Commission; and section 192 of the same article provides that upon such appeal the Commission shall have full power to try and determine the matter, and to that end take testimony. The Commission, upon such hearing, is vested with authority to assess anew, abate, modify, change or alter any assessment or classification appealed from, provided that in the absence of any affirmative evidence to the contrary, or of any error apparent on the fact of the proceedings, the assessment appealed from shall be affirmed. Section 193 provides, in part, that in any proceeding before the State Tax Commission, whether appellate or original, any party may submit requests for rulings on points of law, similar to prayers in non-jury cases in courts of law, and the said commission shall grant, reject or modify the same, so far as may be material to its decision; and section 194 (a) provides as follows: "Any taxpayer * * * may appeal from the decisions of the State Tax Commission, in the exercise of its appellate jurisdiction, on questions of law only, to the Circuit Court of any county * * * by petition setting

forth the question or questions of law which it is desired by the appellant to review * * *. There shall be a further right of appeal to the Court of Appeals from any decision of the Circuit Court of the county * * *."

The formal petition contemplated by the above subsection does not appear in the record; and although the docket entries indicate that a petition was filed, we cannot assume that the petition submitted to the court the questions of law which it was desired by the appellants to have the Circuit Court review, as specifically provided by the statute. To the contrary, the conclusion is inevitable that no questions of law were submitted to the court for its review by petition; as it further appears from the record that a formal motion to dismiss the appeal was filed by the appellees, for the reason that no question of law was presented by the record, and the court was therefore without jurisdiction in the premises; and the court, upon this motion in each case, in its opinion states: "These motions will be dismissed for the reason that the questions submitted are questions of law, in that numerous prayers, varying in number from 18 to 22 were presented to the commission and each of them ruled on by it."

We have referred to this state of the record because we cannot concur in the construction of the statute which seems to have been placed thereon by the trial court; as it is our opinion that the petition required in appeals of this nature from the State Tax Commission to the Circuit Court should specifically set forth the question or questions of law which it is desired by the appellant to have reviewed, and that the court should pass upon the questions so raised, rather than the requests for rulings on points of law previously made to the Commission, and its action thereon. It is true that the same questions of law may be presented to the trial court as were passed upon by the rulings of the Commission upon requests submitted to it in the nature of prayers; but the right of appeal to the court is purely statutory, and should be strictly followed. Not having been followed in this case,

it is our conclusion that the motion to dismiss the appeal for the reasons stated should have been granted.

Sub-section (b) of section 194 provides that: "Any taxpayer * * * of any county * * * claiming to be aggrieved because of any final action taken by the State Tax Commission, in the exercise of its original jurisdiction, in assessing or refusing to assess * * * or in increasing, reducing or abating any assessment, may appeal to the Circuit Court of any county sitting in equity * * *. All such appeals shall be upon the record of proceedings before the State Tax Commission certified to the Court by said Commission, including a statement of all facts considered by said commission on which its finding was based. Either side may introduce additional testimony or other evidence in the Circuit Court. Such petition of appeal shall set forth concisely the particulars in which the action of the commission is claimed to be unlawful, unreasonable or against the substantial weight of the evidence. If the Court finds such error it shall remand the case to the Commission for further proceedings in accordance with its opinion or order; otherwise the action of the Commission shall be affirmed. From the final decision of the Court hearing such appeal any party named in this section may take an appeal to the Court of Appeals in the same manner as in other equity cases * * *."

Obviously, the proceedings in the instant case were initiated and conducted throughout upon the theory that sub-section (b) is applicable to the facts in the case; but it is equally obvious that that sub-section does not apply, because its provisions are limited to appeals from the State Tax Commission in the exercise of its original jurisdiction only. It is true that the appeal was first docketed on the law side of the circuit court; but the docket entries show that the case did not reach the law court "by petition setting forth the question or questions of law which it is desired by the appellant to review," as required by the statute in cases of appeals from the action of the State Tax Commission in its appellate

capacity. They further show that the case was later transferred to the equity side of the court and conducted ostensibly under the provisions of sub-section (b) as one properly subject to equity jurisdiction, notwithstanding that the express language of this sub-section applies to appeals from the commission in the exercise of its original jurisdiction only, and that the facts in the instant case involve an appeal from that body in its appellate capacity.

In view of the indicated provisions of the statute, therefore, it is our conclusion (a) that the petition originally filed on the law side of the court did not comply with the same, and (b) that the equity court had no jurisdiction in the premises.

We are not unmindful of the fact that under the provisions of section 124 of article 75 of the Code, under certain circumstances, cases may be removed from courts of law to courts of equity, and vice versa; but we do not construe that section to apply to cases in which the trial court is acting in its appellate capacity, as in the instant case. To do so, would be in direct conflict with the respective provisions of section 194, which, as has been shown, in the first instance expressly provides that the appeal from the commission shall be to a court of law, and in the second, to a court of equity; and would, in effect, empower the court to designate the tribunal in which the case should be tried, nothwithstanding the clear direction of the legislature, as above indicated. Furthermore, it would eliminate the distinction which the statute contemplates between cases involving appeals from the State Tax Commission in its original and appellate capacities.

For the reasons stated, the decree must be reversed, and the case remanded, to the end that further proceedings may be had in accordance with this opinion.

*Decree reversed, and case remanded, with costs to the appellees.*